UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **MR. ROOTER LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **Cause No. 6:17-cv-00353** |
| | § | |
| **ACTION UNDERGROUND INC,** | § | |
| **RUSSELL YECKLEY, AMANDA** | § | |
| **YECKLEY, UNDERGROUND** | § | |
| **RENOVATIONS, LLC, AND TRI-** | § | |
| **STATE PLUMBING CONTRACTORS,** | § | |
| **INC.** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Mr. Rooter LLC ("Mr. Rooter" or "Franchisor") brings this action for temporary, preliminary and permanent injunctive relief, and damages, against its former franchisee Action Underground, Inc., its personal guarantors Russell and Amanda Yeckley, ("Defendants"), and two entities operating as Defendants' alter egos, Underground Renovations, LLC and Tri-State Plumbing Contractors, Inc. based on these violations of state and federal law.

## INTRODUCTION

1.     Mr. Rooter has grown into a large, successful franchise plumbing business since its humble beginnings as a small Oklahoma drain cleaning business 46 years ago. Today, there are hundreds of Mr. Rooter franchises in the United States which devote millions to promote the name "Mr. Rooter." More than $49 million has been spent on Mr. Rooter advertising since 2005.

2.     Defendants' franchise was terminated on September 5, 2017. It was terminated because Defendants discontinued paying weekly fees at the initiation of an audit and refused to pay the amounts owed by them pursuant to that audit. But Defendants continue to operate as a Mr. Rooter

despite no longer having a license to use Plaintiff's trademarks or confidential business system. Action Underground Inc., Russell Yeckley, Amanda Yeckley, Underground Renovations, LLC, and Tri-State Plumbing Contractors, Inc. are unfairly profiting from Mr. Rooter's systems, reputation, and trademarks by continuing to operate as a Mr. Rooter after termination. Defendants are also violating the non-competition agreement they agreed to in the Franchise Agreement.

## PARTIES

3.      Plaintiff Mr. Rooter is a limited liability company organized under Texas law which maintains its principal place of business in Waco, Texas. Mr. Rooter LLC is the successor in interest and new name of the company previously known as Mr. Rooter Corporation.

4.      Action Underground Inc. is an Alabama Corporation which can be served with process by serving its registered agent Russell Yeckley at 2448 Wolf Ridge Rd, Mobile, Alabama 36618-1444.

5.      Russell Yeckley is an individual residing in Alabama who may be served with process at 2448 Wolf Ridge Rd, Mobile, Alabama 36618-1444.

6.      Amanda Yeckley is an individual residing in Alabama who may be served with process at 2448 Wolf Ridge Road, Mobile, Alabama 36618-1444.

7.      Tri-State Plumbing Contractors, Inc. is an Alabama Corporation which can be served with process by serving its registered agent Russell Yeckley at 2409 Wolf Ridge Rd, Mobile, Alabama 36618-1444.

8.      Underground Renovations, LLC is an Alabama Corporation which can be served with process by serving its registered agent Amanda White at 2409 Wolf Ridge Rd, Mobile, Alabama 36618-1444.

## JURISDICTION AND VENUE

9.      This action arises under, *inter alia*, the federal Lanham Act, 15 U.S.C. 1051 *et seq.* Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). Alternatively, jurisdiction is founded on diversity of citizenship and amount. Plaintiff is a limited liability company formed under Texas law with its principal place of business in Texas. Defendants are Alabama citizens. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial number of events giving rise to the claims asserted in the Complaint occurred in this District and have caused Mr. Rooter harm in this district. Mr. Rooter and Defendants entered into agreements in this district wherein they agree to venue in this district. Defendants agreed to this forum as the exclusive venue to resolve disputes in Section 13.3 of the Franchise Agreement, attached as Exhibit A. Defendants are subject to personal jurisdiction in the District and Division to which this action has been assigned. Defendants purposefully availed themselves to Texas by signing the contract which is the subject of dispute in Waco, Texas, traveling to Waco for franchisee training, and sending money to Texas to pay license fees. Defendants also have such other contacts with Texas to render the exercise of jurisdiction over them by a Texas federal court consistent with traditional notions of fair play and substantial justice. Further, venue is proper as to Underground Renovations, LLC and Tri-State Plumbing Contractors, Inc. because Underground Renovations, LLC and Tri-State Plumbing Contractors, Inc. are the alter egos of Action Underground, Inc. and/or Russell Yeckley as set forth in paragraph 20 of this complaint, which is incorporated herein by reference. This allegation is specifically identified by Plaintiff under FRCP 11 (b)(3), as likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery in this case.

## FACTS COMMON TO ALL CLAIMS

11.     On September 26, 2000, Defendant Russell Yeckley became a Mr. Rooter franchisee. On September 16, 2010, Action Underground, Inc. entered into a Franchise Agreement with Plaintiff. That Franchise Agreement was personally guaranteed by Defendants Russell and Amanda Yeckley.

12.     Plaintiff selected Defendants' franchise for an audit pursuant to Franchise Agreement § 5.14 on November 10, 2016. Russell Yeckley blamed the messenger when Plaintiff's independent auditing firm, BDO USA LLP, contacted him about scheduling the audit on November 21, 2016. Russell Yeckley employed transparent intimidation tactics to first avoid the audit, claiming that he would not do business with the national auditing company because the scheduler was from California. He refused to do business with anyone with "California views" because the accountants at BDO were "involved in violent protest" and "not capable of understanding anything else." When Plaintiff's corporate counsel demanded compliance with the audit, he responded that "before we proceed with that nonsense I need to know your gender,,,,there is a difference??" on December 6, 2016.

13.     The audit was eventually conducted at Defendants' office. The audit revealed significant underreporting—over $800,000.00. When the audit results were revealed on March 30, 2017, Russell Yeckley claimed that it was "not the first time [he was] accused of cooking the books." Defendants claimed to have documentation that they did not owe the money set forth in the audit. Plaintiff requested this documentation, but Defendants failed to provide it and Defendant failed to pay the money owed. On July 13, 2017, Plaintiff sent Defendants a Notice of Default and Intent to Terminate Franchise Agreement. In the letter, Plaintiff informed Defendants that they had worked with them for over eight months regarding the contested issues and were giving them a final opportunity to comply. Defendants again refused to pay the audit amount due or show why the audit amount was incorrect. Defendants further failed to pay current fees owed under the Franchise

Agreement. As a result, Defendants' franchise was terminated on September 1, 2017. At termination, Defendants were no longer authorized to use Plaintiff's trademarks.

14.     After termination, Mr. Rooter commissioned an investigation of the business to determine whether Defendants were operating in defiance of their two-year post termination non-compete. Plaintiff discovered that Defendants were not only operating, but they were doing so as a fake Mr. Rooter.

15.     Plaintiff owns the following trademarks. Defendants are continuing to use them despite being notified to cease and desist use of the marks.

| Trademark Name | Registration Number | Date Registered | Class Description | Design (if any) |
|---|---|---|---|---|
| Mr. Rooter | 0933403 | May 2, 1972 | Sewer and drain cleaning services | None. |
| Mr. Rooter (and design) | 0982684 | Apr 23, 1974 | Sewer and drain cleaning services. |  |
| Mr. Rooter (stylized) | 3722155 | Dec 8, 2009 | Commercial and residential plumbing, sewer, grease trap and drain cleaning services. |  |
| Mr. Rooter (stylized) | 1964249 | Mar 26, 1996 | Sewer and drain cleaning services. |  |
| Mr. Rooter Plumbing (and design) | 3684983 | Sep 22, 2009 | Commercial and residential plumbing, sewer, grease trap and drain cleaning services. |  |

| Mr. Rooter Mr. Rooter Plumbing (and design) | 3733777 | Jan 5, 2010 | Commercial and residential plumbing, sewer, grease trap and drain cleaning services. |  |

16.     Sixty days after termination of the franchise, Defendants continue to pose as Mr.
Rooter. On October 30, 2017, Defendants performed plumbing work using Mr. Rooter's marks as
shown on this invoice.



17.     Defendants arrived in a van with Mr. Rooter's trademarks.



18.     Defendants also left promotional material with Mr. Rooter's marks to advertise their business on October 30, 2017—months after no longer being a Mr. Rooter.



19.     When calling the number on the advertising, it is answered "Mr. Rooter, this is Amanda. How may I help you?" Defendants are no longer a Mr. Rooter franchise.

20.     On the Alabama Secretary of State website, the address of Tri-State Plumbing Contractors, Inc. and Underground Renovations, Inc. is 2409 Wolf Ridge Road, Mobile, AL 36618. This is the same address provided in the Franchise Agreement for Action Underground, Inc. and is the same address that Defendants were operating their Mr. Rooter franchise. See Exhibit 1C of Exhibit A. Even a cursory examination of the Secretary of State filings demonstrates Yeckley's connection with these corporations. Exhibit B. Moreover, these corporations are performing services that

compete directly with Mr. Rooter. *See id.* Given these facts, upon information and belief, Underground Renovations, LLC and Tri-State Plumbing Contractors, Inc. are the alter egos of Action Underground, Inc. and/or Russell Yeckley. The corporate fiction is (1) being used as a means of perpetrating fraud; (2) organized and operated as a mere tool or business conduit of Action Underground, Inc. and/or Russell Yeckley, and (3) being resorted to as a means of evading Defendants' existing legal obligation under the Franchise Agreement. Upon information or belief, Action Underground, Inc. and/or Russell Yeckley directed all business activities of Underground Renovations, LLC and Tri-State Plumbing Contractors, Inc. and exercised complete control over Underground Renovations, LLC and Tri-State Plumbing Contractors, Inc. with respect to the transaction at issue and such control was used to commit a wrong injuring Mr. Rooter.  As such, there is such unity between the entities that the separateness of the corporation has ceased, and holding only Action Underground, Inc. and/or Russell Yeckley liable would result in injustice. This allegations set forth in this paragraph are specifically identified by Plaintiff under FRCP 11 (b)(3), as likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery in this case.

21.     Action Underground Inc., Russell Yeckley, and Amanda Yeckley agreed to a two year non-compete upon termination. Franchise Agreement § 9.3.2. But Defendants are continuing to operate in violation of that important provision.

## CAUSES OF ACTION
### Count 1—Against All Defendants
### Federal Unfair Competition
### (15 USC § 1125(a))

22.     Mr. Rooter repeats, realleges, and incorporates by reference paragraphs 1-21 as if fully set forth herein.

23.     Mr. Rooter owns all right, title, and interest in the trademarks, including U.S. Trademark Registration Numbers 0933403, 0982684, 3722155, 1964249, 3684983, 3733777. These registrations are valid and subsisting and is incontestable within the meaning of 15 U.S.C. § 1065.

24.     Defendants have deliberately and willfully traded on Mr. Rooter's longstanding and hard-earned reputation and goodwill, including its trademarks, by passing off their products and services as those of Mr. Rooter and by diverting customers seeking Mr. Rooter to their competing business.

25.     Defendants divert customers who seek the quality and value promised by the Mr. Rooter brand to the competing business, which does not offer quality on par with Mr. Rooter standards. Defendants thereby pass off their inferior services as affiliated with Mr. Rooter, unlawfully appropriating the goodwill associated with the Mr. Rooter business, causing likely and actual consumer confusion, and irreparably harming Mr. Rooter's reputation in the marketplace.

26.     Defendants' conduct as described above has also deprived and will continue to deprive Mr. Rooter of the ability to control the consumer perception of its products and services offered under its trademarks, placing the valuable reputation and goodwill of Mr. Rooter in the hands of Defendants.

27.     Defendants' conduct is likely to cause and in fact has caused confusion, mistake, and deception as to the affiliation, connection, and association of Defendants with Mr. Rooter in violation of the Lanham Act.

28.     Defendants had direct and full knowledge of Mr. Rooter's prior use of and rights in its marks. The knowing, intentional, and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

29.     Because of Defendants' conduct, Mr. Rooter has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by Mr. Rooter in its trademarks. This continuing loss of goodwill cannot be properly calculated or remedied in terms of money damages, and constitutes irreparable harm and an injury for which Mr. Rooter has no adequate remedy at law. Mr. Rooter will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

## Count 2—Against All Defendants
### Unfair Competition

30.     Mr. Rooter repeats, realleges, and incorporates by reference paragraphs 1-29 as if fully set forth herein.

31.     The acts and conduct of Defendants as alleged above in this Complaint constitute unfair competition pursuant to Texas law, including through the passing off Defendants products and services as those of Mr. Rooter and by diverting customers seeking Mr. Rooter to their competing business.

32.     Defendants' acts and conduct as alleged has caused Mr. Rooter commercial damage, as well as the continuing loss of the goodwill and reputation. This continuing loss of goodwill cannot be properly calculated or remedied in terms of money damages, and constitutes irreparable harm and an injury for which Mr. Rooter has no adequate remedy at law. Mr. Rooter will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

## Count 3—Against All Defendants
### Infringement of Federally Registered Trademarks
### (15 USC § 1114(1)(a))

33.     Plaintiff realleges each and every allegation contained in paragraphs 1-32 above with the same force and effect as if the allegations were fully set forth herein.

34.     Mr. Rooter owns all right, title, and interest in the MR. ROOTER® trademark, including U.S. Trademark Registration No. 933,403 regarding sewer and drain cleaning services. This '403 registration is valid and subsisting and is incontestable within the meaning of 15 U.S.C. § 1065.

35.     Mr. Rooter owns all right, title, and interest in the MR. ROOTER (and design) trademark, including U.S. Trademark Registration No. 982,684 relating to sewer and drain cleaning services. This '684 registration is valid and subsisting and is incontestable within the meaning of 15 U.S.C. § 1065.

36.     Mr. Rooter owns all right, title, and interest in the MR. ROOTER (Stylized) trademark, including U.S. Trademark Registration No. 1,964,249 relating to sewer and drain cleaning services. This '249 registration is valid and subsisting and is incontestable within the meaning of 15 U.S.C. § 1065.

37.     Mr. Rooter owns all right, title, and interest in the MR. ROOTER (stylized) trademark, including U.S. Trademark Registration No. 3,722,155 relating to commercial and residential plumbing, sewer, grease trap and drain cleaning services. This '155 registration is valid and subsisting and is incontestable within the meaning of 15 U.S.C. § 1065.

38.     Mr. Rooter owns all right, title, and interest in the Mr. Rooter Plumbing (and design) trademark, including U.S. Trademark Registration No. 3,684,983 relating to commercial and residential plumbing, sewer, grease trap and drain cleaning services. This '983 registration is valid and subsisting and is incontestable within the meaning of 15 U.S.C. § 1065.

39.     Mr. Rooter owns all right, title, and interest in the Mr. Rooter Plumbing (and design) trademark, including U.S. Trademark Registration No. 3,733,777 relating to commercial and residential plumbing, sewer, grease trap and drain cleaning services. This '777 registration is valid and subsisting and is incontestable within the meaning of 15 U.S.C. § 1065.

40.     Defendants have used Mr. Rooter's '403, '684, '155, '249, '777, '983, marks in a manner that is likely to cause, and in fact has caused, confusion, mistake, and deception as to the affiliation, connection, and association of Defendants with Mr. Rooter.

41.     Defendants had both actual and constructive knowledge of the above-referenced trademarks. Defendants adopted, used, and continue to use in commerce Mr. Rooter's federally registered trademarks with full knowledge that their use was infringing. Defendants' actions constitute knowing, deliberate, and willful infringement of Mr. Rooter's federally registered marks. The knowing

and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. §

1117(a).

42.     Because of Defendants' infringement, Mr. Rooter has suffered substantial damages, as

well as the continuing loss of the goodwill and reputation established by Mr. Rooter in its federally

registered marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes

irreparable harm and an injury for which Mr. Rooter has no adequate remedy at law. Mr. Rooter will

continue to suffer irreparable harm unless this Court enjoins Defendants' conduct

**Count 4—Against All Defendants**
**Breach of Contract**

43.     Mr. Rooter repeats, realleges, and incorporates by reference paragraphs 1-42 as if fully

set forth herein.

44.     Plaintiff entered into a valid and enforceable agreements with Defendants.

45.     Russell Yeckley, Amanda Yeckley and Action Underground, Inc. have breached their

obligations to Mr. Rooter under the Franchise agreement, including their obligations to not:

- Use Mr. Rooter trademarks without the permission of the Franchisor—including no use for the benefit for any business other than the franchise. Franchise Agreement § 6.3.

- Operate, participate of derive any benefit from another pluming company for two years after termination as a franchisee. Franchise Agreement § 9.3.2.

- Interfere with the business relationships of the Franchisor or franchisee. Franchise Agreement § 9.3.2.3.

- Use confidential information in any manner or disturb vendor relationships. Franchise Agreement § 9.3.2.4.

- Divert customers or business from Franchisor or any Mr. Rooter franchisee. Franchise Agreement § 9.3.2.5.

- Use the Mr. Rooter trademarks upon termination of the franchise. Franchise Agreement § 12.1.2.

46.     All conditions precedent to Plaintiff's right to bring this action and recover the requested relief has been performed, have occurred or been waived.

47.     As a direct and proximate result of the Defendants breaches, Plaintiff has suffered and will continue to suffer, irreparable harm and damages.

### Count 5—Request for Injunctive Relief

48.     Mr. Rooter repeats, realleges, and incorporates by reference paragraphs 1-46 as if fully set forth herein.

49.     Mr. Rooter seeks a preliminary injunction. Plaintiff will likely suffer irreparable injury if Defendants are not enjoined while this suit is pending. There is no adequate remedy at law. As set forth above, given Defendants' conduct and blatant violations of the Franchise Agreement and the noncompetition agreement therein, there is a substantial likelihood that Mr. Rooter will prevail on the merits. The harm faced by Mr. Rooter outweighs any harm that would be sustained by Defendants if the preliminary injunction were granted. Issuance of a preliminary injunction would not adversely affect the public interest. Mr. Rooter is willing to post a bond in the amount the Court deems appropriate.

50.     Plaintiff seeks a permanent injunction. Mr. Rooter asks the Court to set its application for injunctive relief for a full trial on the issues in this application and, after the trial, to issue a permanent injunction against Defendants.

### PRAYER FOR RELIEF

FOR THESE REASONS, Mr. Rooter prays for an Order and Judgment as follows:

1.     Entry of an order (on a preliminary and permanent basis) requiring that Defendants and their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from:

(a)     Using in any manner any Mr. Rooter trademark, or any name, mark or domain name that wholly incorporates the trademarks described herein, or is confusingly similar to or a colorable imitation of these marks;

(b)     Using or displaying the word Mr. Rooter on any websites, products, or promotional materials in any false and deceptive manner;

(c)     Doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or prospective customers of Mr. Rooter products or services; and

(d)     Engaging in any further acts of infringement, or any other unlawful conduct, as alleged herein.

2.     Entry of an order (on a preliminary and permanent basis) requiring that Defendants and their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from engaging in, participating in, or deriving any benefit from any business that competes with the Mr. Rooter franchise business, and from diverting or soliciting any customer, account, or business from the Mr. Rooter franchise business to any competing business.

3.     Directing Defendants to provide an accounting of profits made by Defendants because of Defendants' unlawful conduct;

4.     Ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon within 30 days after entry of the injunction a written report under oath describing in detail the manner and form in which Defendants have complied with the injunction, including ceasing all offering of services under Mr. Rooter's name and marks as set forth above;

5.     Ordering Defendants to pay a judgment in the amount of Mr. Rooter's actual damages under 15 U.S.C. § 1117 and state law, as well Defendants' profits, and pre- and post-judgment interest pursuant to 15 U.S.C. § 1117, in an amount to be proven at trial;

6.     Ordering Defendants to pay Mr. Rooter's reasonable attorneys' fees and costs of this action under 15 U.S.C. § 1117 and/or state law;

7.      Ordering Defendants to pay a judgment for enhanced damages under 15 U.S.C. § 1117 and punitive damages under state law as appropriate; and

8.      Granting Mr. Rooter such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jim Dunnam
JIM DUNNAM
State Bar No. 06258010
ANDREA MEHTA
State Bar No. 24078992
DUNNAM & DUNNAM LLP
4125 West Waco Drive
Waco, Texas 76714-8418
Telephone (254) 753-6437
Facsimile (254) 753-7434
jimdunnam@dunnamlaw.com
andreamehta@dunnamlaw.com

**ATTORNEYS FOR PLAINTIFF**